V. MAUNEY, Guardian of NANCY FORREST, v. J. M. RED-
WINE, et al.

*Action   to   Cancel   Deed—Undue   Influence—Fiduciary
Relations—Evidence.*

Where, in the trial of an action to cancel and set aside a deed
alleged to have been procured by undue influence, it
appeared that the grantor was old and infirm, and was
very fond of the grantee, her cousin, and placed great
confidence in him; that the consideration for the deed was
an agreement on the part of the grantee to support the
grantor for life, which, according to her life-expectancy, was
fair and adequate; *Held,* that the evidence was not suffi-
cient to show the existence of a fiduciary relation between
the parties so as to raise a presumption of unfair dealing or
undue influence.

CIVIL ACTION, to set aside and cancel a deed made by
Nancy Forrest to Elizabeth L. Redwine for life, and at
her death to the heirs of J. M. Redwine, on the alleged
ground of fraud and undue influence practiced upon her
by J. M. Redwine, tried before *Bryan, J.,* and a jury, at
Spring Term, 1896, of STANLY Superior Court.   There
was a verdict for the defendants, and plaintiff appealed
from the judgment thereon.   The facts sufficiently appear
in the opinion of Associate Justice MONTGOMERY.

*Mr. Wm. J. Montgomery,* for plaintiff (appellant).
*Messrs. MacRae & Day,* for defendants.

MONTGOMERY, J.: Upon an examination of the whole
testimony in this case we cannot say that the transaction
is a suspicious one.   It is true, that at the time of the exe-
cution of the deed from Mrs. Forrest to the defendants, she

was very old and weak of mind, was sick and under the care of a physician, and that the defendant J. M. Redwine was her cousin. It is also true that she was without a proper protector. Her son testified that " she had left his house ; that he did not throw her out, but that he led her out ; that she said she was going off to hunt a place, but that he did not know she was going to make the trade with Redwine." All of the testimony went to show that the consideration upon which the deed was executed was a valuable one, equal to the value of the land. Redwine's agreement was to support her in a comfortable manner during her life ; the support included room, board and clothing. She was to employ her own physician and pay him for his services. Her life expectancy was five years, and the highest value of the land was not more than five hundred dollars. Her own witnesses testified that to support her for her life was worth the land conveyed in the deed. She lived with the defendants five months and then left, the defendants being willing always to keep her according to the agreement. The complaint is silent on this point. The jury found that at the time of the execution of the deed she had sufficient capacity. for that purpose. The only evidence offered to show that Redwine fraudulently and unduly influenced the old lady in the execution of the deed was that of the witness Bennett, who said "she used to say she wanted to see Jimmy Redwine when she wanted to make a trade." William Forrest, her son, said "she seemed to put a great deal of confidence in Redwine." Dr. Anderson, her physician, said " Mr. Redwine and Mrs. Forrest were mighty sweet and affectionate to each other, so much so they disgusted me." The evidence of the first two witnesses did not tend to show that there existed any fiduciary relation between the parties, which created a presumption of law that the deed was fraudulent, and it

did not raise a presumption of fraud as a matter of fact. If the testimony had tended to show that the relation between the parties was that of "friendly intercourse and habitual reliance for advice and assistance, and occasional employment in matters of business, as agent," then under *Lee* v. *Pearce*, 68 N. C., 76, there would have been raised a presumption of fraud as a matter of fact. But there was no evidence that he ever did any business for her or even acted as her agent in any way; and it appears, as we have said, that in the present transaction, the only one he ever had with her, so far as the testimony discloses, she got full value. In fact the testimony of her witness, Ivey, was that her son-in-law attended to her business.

We concur with his Honor that there was no sufficient evidence to support the issue, " Was the said land obtained by the fraudulent representation or undue influence of J. M. Redwine." And his Honor properly withdrew that issue from the jury.

No Error.